

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-25-00237-CR

_____

**EDWARD BOBBY MARTINEZ, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 26672C, Honorable Ana Estevez, Presiding

April 13, 2026

## MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Edward Bobby Martinez, appeals the revocation of his suspended sentence for the offense of indecency with a child by sexual contact.[1] Appellant was sentenced to ten years' incarceration. Appellant challenges the trial court's judgment

---

[1] *See* TEX. PENAL CODE § 21.11(a)(1).

revoking his community supervision and imposing sentence. We modify and affirm the judgment.

## BACKGROUND

In June of 2016, Appellant was indicted for one count of sexual assault of a child and one count of sexual indecency with a child by sexual contact. After a trial was held in January of 2023, a jury reached an impasse as to the sexual assault count but unanimously convicted Appellant as to the indecency count. The trial court declared a mistrial as to the sexual assault charge and accepted the jury's guilty verdict as to the indecency with a child charge. The jury's punishment verdict sentenced Appellant to ten years' incarceration but recommended that the sentence be suspended with Appellant being placed on community supervision. The trial court accepted the jury's verdicts and entered judgment consistent therewith. Appellant appealed this judgment. This Court modified the judgment to remove the assessment of court-appointed attorney's fees and affirmed the judgment as modified. *See Martinez v. State*, No. 07-23-00045-CR, 2024 Tex. App. LEXIS 19, at *13 (Tex. App.—Amarillo Jan. 3, 2024, no pet.) (mem. op., not designated for publication).

On April 9, 2025, the State filed a motion to revoke Appellant's community supervision alleging that he had violated the terms and conditions of his community supervision by failing to successfully complete the sex offender treatment program. At the hearing on the State's motion, Appellant pleaded "not true" to the allegation. The State offered testimony from Appellant's community supervision officers and sex offender treatment program counselors who testified that Appellant was discharged from the

program because he refused to complete his intake paperwork and submit to a required instant-offense polygraph. At the close of the hearing, the trial court found that Appellant violated the terms and conditions of his community supervision and imposed the ten-year sentence. The trial court inquired into Appellant's ability to pay attorney's fees and costs, and Appellant indicated that he did not have a present ability to pay costs and would not have such ability in the future. The trial court entered judgment containing a finding that Appellant does not have a present or future ability to pay fees and costs. The bill of costs identifies fees and costs associated with this case, including an assessment of court-appointed attorney's fees, but identifies the "remaining amount due" as "$0.00." From this judgment, Appellant timely appeals.

By his appeal, Appellant presents two issues. By his first issue, Appellant contends that it was reversible error for the trial court to revoke his community supervision based on his assertion of his constitutional right against self-incrimination. By his second issue, Appellant contends that the prospective recovery of attorney's fees in the bill of costs should be deleted.

## REVOCATION OF COMMUNITY SUPERVISION

Appellant contends, by his first issue, that the trial court erred in revoking his community supervision based solely on his invocation of his right against self-incrimination. The State responds that Appellant's right against compelled self-incrimination is not implicated by his refusal to submit to an instant-offense polygraph.

To convict a defendant of a crime, the State must prove guilt beyond a reasonable doubt, but to revoke community supervision, the State need only prove a violation of a

3

condition of that community supervision by a preponderance of the evidence. *Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013). An order revoking community supervision is reviewed for an abuse of discretion. *Id*. at 865. Proof of any one violation of the terms and conditions of community supervision is sufficient to support a revocation. *Velasquez v. State*, No. 07-25-00093-CR, 2025 Tex. App. LEXIS 8147, at *6 (Tex. App.—Amarillo Oct. 22, 2025, no pet.) (mem. op., not designated for publication) (citing *McDonald v. State*, 608 S.W.2d 192, 200 (Tex. Crim. App. 1980) (op. on reh'g)). In a revocation hearing, the trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Hacker*, 389 S.W.3d at 865.

The Fifth Amendment provides that no person shall be compelled in any criminal case to be a witness against himself. U.S. CONST. amend. V; *Ex parte Dangelo*, 376 S.W.3d 776, 781 (Tex. Crim. App. 2012). In addition to prohibiting a defendant from being called as a witness against himself in a criminal prosecution, the Fifth Amendment permits him to refuse to answer official questions asked in other proceedings, whether civil or criminal or formal or informal, where the answers might incriminate the defendant in future criminal proceedings. *Ex parte Dangelo*, 376 S.W.3d at 781. However, "the Fifth Amendment is not implicated where the compelled statements can no longer result in criminal liability." *In re Medina*, 475 S.W.3d 291, 301 (Tex. Crim. App. 2015). Thus, once direct appeals are over or double jeopardy precludes future prosecution for the crime about which the questioning inquires, the defendant loses his right to assert his protection from self-incrimination as to that crime. *Id*. at 300–301. In these situations, the defendant may be compelled to discuss the facts of the final or jeopardy-barred offense because the

4

State may not use the defendant's answers against him in a future criminal proceeding. *Ex parte Dangelo*, 376 S.W.3d at 781.

In the instant case, Appellant was adjudicated guilty of the offense of indecency with a child by sexual contact and he has exhausted all available appeals of that conviction. Evidence was presented at the revocation hearing that Appellant was not discharged from his required sex offender treatment program until he refused to submit to the instant-offense polygraph examination. During the hearing, Appellant's sex offender treatment program counselor testified that the instant-offense polygraph "focus[es] only on the offense that they have been adjudicated for; and so we don't talk about any other historical sexual behavior." Consequently, the record reflects that Appellant's Fifth Amendment right against compelled self-incrimination no longer applied to the instant offense and, therefore, he could not refuse to answer legitimate questions that are a condition of his community supervision regarding that offense. *Id*. We conclude that the trial court did not abuse its discretion in determining that Appellant violated the terms and conditions of his community supervision by refusing to participate in the instant-offense polygraph. *Hacker*, 389 S.W.3d at 864–65. We overrule Appellant's first issue.

## ATTORNEY'S FEES

By his second issue, Appellant contends that the bill of costs incorporated into the judgment improperly allows for a prospective recovery of attorney's fees. The State argues that the issue is moot because the bill of costs reflects that Appellant owes nothing.

There is no dispute that Appellant has been found indigent throughout these proceedings. Appellant quotes this Court stating that "when the trial court has determined that a defendant is indigent, we are required to delete a statement in a certified bill of costs authorizing the assessment of attorney's fees at a later date when such statement is unsupported by evidence of a material change in financial circumstances." *Alston v. State*, 705 S.W.3d 849, 851–52 (Tex. App.—Amarillo 2024, no pet.); *see Tatum v. State*, No. 12-19-00380-CR, 2020 Tex. App. LEXIS 8562, at *4 (Tex. App.—Tyler Oct. 30, 2020, no pet.) (mem. op.); *Asberry v. State*, No. 06-19-00223-CR, 2020 Tex. App. LEXIS 1961, at *2 (Tex. App.—Texarkana Mar. 6, 2020, no pet.) (mem. op., not designated for publication). Here, the bill of costs assesses $12,528.70 for court-appointed attorney's fees[2] but reflects that Appellant's remaining amount due is $0.00. However, the bill of costs contains a statement that "other fees may be applied at a later date" and indicates that those fees could arise after review of an "Order to Pay Court Appointed Attorney." Because this statement indicating that attorney's fees (presumably the $12,528.70 in court-appointed attorney's fees assessed in the bill of costs) may be applied at a later date is not supported by a finding of a material change in Appellant's financial circumstances, we must correct the bill of costs by deleting that statement. We sustain Appellant's second issue and modify the judgment and bill of costs to delete the statement that any fees related to court-appointed attorney's fees may be applied in the future.

---

[2] Appellant contends that this assessment of court-appointed attorney's fees is the same assessment that this Court previously ordered removed from the judgment and bill of costs. *See Martinez*, 2024 Tex. App. LEXIS 19, at *13. To the extent that this is the same assessment, we reiterate our previous ruling and order that the assessment be removed from the judgment and bill of costs.

## CONCLUSION

We modify the judgment and bill of costs to delete the statement that court-appointed attorney's fees may be applied at a later date.  As modified, we affirm the judgment of the trial court.

Judy C. Parker
Chief Justice

Do not publish.